J-S35038-19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JAMES KENNEDY, | : | |
| | : | |
| Appellant | : | No. 2103 EDA 2018 |

Appeal from the PCRA Order Entered April 11, 2018
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0513171-1976

BEFORE:    OLSON, J., STABILE, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:    **FILED SEPTEMBER 10, 2019**

James Kennedy (Appellant) appeals from the April 11, 2018 order dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

When he was 19 years old, Appellant shot and killed James Brown. In 1977, following a non-jury trial, Appellant was convicted of first-degree murder and sentenced to life imprisonment without the possibility of parole. On appeal, this Court affirmed his judgment of sentence. *Commonwealth v. Kennedy*, 411 A.2d 1249 (Pa. Super. 1979). The Supreme Court of Pennsylvania denied Appellant's petition for allowance of appeal on February 8, 1980. Appellant's sentence became final in 1980 after he did not seek further appellate review. *See* 42 Pa.C.S. § 9545(b)(3).

_____
*Retired Senior Judge assigned to the Superior Court.

On March 18, 2016, Appellant filed *pro se* the petition that is the subject of this appeal.[1] The PCRA court appointed counsel. Subsequently, counsel filed a petition to withdraw and a no-merit letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). On March 14, 2018, the PCRA court issued Appellant notice pursuant to Pa.R.Crim.P. 907 that it planned to dismiss without a hearing his petition as untimely filed. Appellant did not file a response. On April 11, 2018, the PCRA court dismissed Appellant's petition and granted counsel's motion to withdraw.

This timely-filed appeal followed.[2] On appeal, Appellant claims the PCRA court erred by dismissing his petition as untimely filed, and argues that **Miller v. Alabama**, 567 U.S. 460 (2012)[3] applies to him notwithstanding his age at the time of his crime. Appellant's Brief at 3.

---

[1] Subsequently, Appellant attempted to supplement his petition on March 29, 2016, but never sought or obtained permission of the PCRA court to do so. **See Commonwealth v. Porter**, 35 A.3d 4, 12 (Pa. 2012) (holding that amendments to pending PCRA petitions are not self-authorizing and cannot be amended simply by filing a supplemental pleading; rather, amendments are permitted only by the direction or leave of the PCRA court).

[2] The PCRA court did not order Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b), and none was filed. The PCRA court filed an opinion pursuant to Pa.R.A.P. 1925(a).

[3] In **Miller**, the United States Supreme Court held that it is cruel and unusual punishment to sentence a juvenile to a mandatory sentence of life imprisonment without parole.

We review the court's order mindful of the following. Generally, a petition for relief under the PCRA must be filed within one year of the date the judgment of sentence is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition is met.[4] 42 Pa.C.S. § 9545. In addition, exceptions must be pleaded within 60 days of the date the claim could have been presented. 42 Pa.C.S. § 9545(b)(2).[5] Because the PCRA's time restrictions are jurisdictional in nature, neither this Court nor the PCRA court has the power to address the merits of a petition if it is filed untimely and the petitioner did not plead and prove an applicable time-bar exception. ***Commonwealth v. Lewis***, 63 A.3d 1274, 1280-81 (Pa. Super. 2013).

It is clear that Appellant's petition is facially untimely; Appellant implicitly concedes this point. ***See*** Appellant's Brief at 6-7. However, Appellant contends that his petition satisfied the time-bar exception set forth

---

[4] The legislature added this time limitation as part of a set of amendments to the PCRA in 1995. For a petitioner such as Appellant whose judgment of sentence became final before January 16, 1996, the effective date of the amendments, the legislature provided a one-year grace period after the effective date within which the petitioner could have filed a petition. ***See Commonwealth v. Peterkin,*** 722 A.2d 638, 641 (Pa. 1998) (citing subsection 3(1) of the Act of Nov. 17, 1995 (Spec.Sess. No. 1) P.L. 1118, No. 32).

[5] Although inapplicable to this appeal, we note that subsection 9545(b)(2) was amended on October 24, 2018, effective in 60 days (December 24, 2018), extending the time for filing from 60 days of the date the claim could have been presented to one year. ***See*** Act 2018, Oct. 24, P.L. 894, No. 146, § 3.

in subsection 9545(b)(1)(iii). *Id.* To establish that time-bar exception, the petitioner must plead and prove that he is asserting a "constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." 42 Pa.C.S. § 9545(b)(1)(iii).

Appellant attempts to invoke **Miller**, and **Montgomery v. Louisiana**, __ U.S. __, 136 S.Ct. 718 (2016), which made **Miller** retroactively applicable, to argue the applicability of the newly-recognized and retroactively-applicable constitutional right exception to the PCRA's time bar. Appellant's Brief at 6-7. Although Appellant was 19 years old at the time he committed murder, Appellant argues, *inter alia*, that **Miller** should not be read so narrowly to confine its application to individuals under the age of 18, particularly because 19-year-olds have the same type of immaturity and brain development as younger teenagers. *Id.* at 6-17. In support, Appellant cites to various studies, the decision of major retailers to cease gun sales to individuals under the age of 21, and several cases from courts outside this jurisdiction that have extended **Miller**'s holding to older individuals in different contexts. *Id.*

This Court has held that the constitutional right recognized by **Miller** and made retroactively applicable by **Montgomery** is the right of "those under the age of 18 at the time of their crimes" to be free by the cruel and unusual punishment inflicted by a mandatory life without parole sentence. **Commonwealth v. Lee**, 206 A.3d 1, 2 (Pa. Super. 2019) (*en banc*). Faced

- 4 -

with arguments much like the ones Appellant sets forth in his brief, this Court held expressly that based on current law, petitioners who were 18 or older at the time of their crimes cannot rely upon **_Miller_** and **_Montgomery_** to establish the newly-recognized and retroactively-applicable exception to the PCRA's time bar. **_See generally id_**. Because Appellant was 19 years old when he committed his crime, his PCRA petition did not satisfy a time-bar exception. Accordingly, the PCRA court did not err in dismissing Appellant's petition.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.

Prothonotary

Date: 9/10/19